UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-22099-CIV-OTAZO-REYES

CONSENT CASE

NAIBEL GARCIA,

      Plaintiff,

v.

A K S CARTAGE CORP., a Florida for profit
Corporation, JEMARY JORGE, an individual,
BARBARA VERONA, an individual, D L I
TRANSPORT CORP., a Florida for profit
Corporation, ALEJANDRO ARRIETA,
an individual, DELTA LINE INTERNATIONAL,
INC., and ANA M. VEGA, an individual,

      Defendants.
_____/

## ORDER GRANTING IN PART
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon the Motion for Summary Judgment [D.E. 49] filed by Defendants A K S Cartage Corp. ("A K S"), Jemary Jorge ("Jorge"), Barbara Verona ("Verona"), D L I Transport Corp. ("D L I"), Alejandro Arrieta (Arrieta"), Delta Line International, Inc. ("Delta Line") and Ana M. Vega ("Vega") (collectively, "Defendants"). The Court held a hearing on this matter on March 28, 2018. Having heard the argument of counsel and having conducted a thorough review of the record, the Court finds that material issues of fact preclude granting Defendants judgment as a matter of law, except as to Defendant Verona.

## PROCEDURAL BACKGROUND

In this action, Plaintiff Naibel Garcia ("Plaintiff") seeks to recover overtime wages from Defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. See Am.

Compl. [D.E. 15].  Plaintiff alleges that Defendants own and operate a freight forwarding business engaged in the movement of goods in interstate and foreign commerce. Id. She claims to have worked for Defendants as direct employers, co-employers, or joint employers, from June 20, 2014 to March 31, 2017, working approximately 55 hours per week without overtime compensation. Id. Defendants have asserted as an affirmative defense that Plaintiff worked as a "loader" and is therefore exempt from FLSA coverage pursuant to the motor carrier exemption, 29 U.S.C § 213(b)(1). See Am. Ans. [D.E. 32].

In their Motion for Summary Judgment, Defendants seek a judgment of non-liability based on the motor carrier exemption.  Additionally, Defendants Jorge and Verona contend that they are not individual employers within the scope of the FLSA.

## APPLICABLE LAW

I.     Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  When determining whether a genuine issue of material fact exists, courts "view all evidence and draw all reasonable inferences in favor of the non-moving party." Smith v. Royal Caribbean Cruises, Ltd., 620 F. App'x 727, 729 (11th Cir. 2015).  "Yet, the existence of some factual disputes between litigants will not defeat an otherwise properly grounded summary judgment motion; 'the requirement is that there be no *genuine* issue of *material* fact.'" Weiner v. Carnival Cruise Lines, No. 11-CV-22516, 2012 WL 5199604, at *2 (S.D. Fla. Oct. 22, 2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  Indeed,

> The plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Cohen v. Carnival Corp., 945 F. Supp. 2d 1351, 1354 (S.D. Fla. 2013) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)).

II.     Motor Carrier Exemption from the FLSA

The FLSA does not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49." 29 U.S.C. § 213(b)(1).

This exemption applies

> to an employee whose job involves activities consisting wholly or in part of doing, or immediately directing, a class of work defined: (1) As that of a loader, and (2) as directly affecting the safety of operation of motor vehicles in interstate or foreign commerce within the meaning of the Motor Carrier Act, since such an employee is an employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service.

29 C.F.R. § 782.5(b).

> The definition of loader is as follows:

> A "loader," as defined for Motor Carrier Act jurisdiction (Ex parte Nos. MC–2 and MC–3, 28 M.C.C. 125, 133, 134, 139), is an employee of a carrier subject to section 204 of the Motor Carrier Act (other than a driver or driver's helper as defined in §§ 782.3 and 782.4) whose duties include, among other things, the proper loading of his employer's motor vehicles so that they may be safely operated on the highways of the country. A "loader" may be called by another name, such as "dockman," "stacker," or "helper," and his duties will usually also include unloading and the transfer of freight between the vehicles and the warehouse, but he engages, as a "loader," in work directly affecting "safety of operation" so long as he has responsibility when such motor vehicles are being loaded, for exercising judgment and discretion in planning and building a balanced load or in placing, distributing, or securing the pieces of freight in such a manner that the safe operation of the vehicles on the highways in interstate or foreign commerce will not be jeopardized.

29 C.F.R. § 782.5(a).

3

III.    Individual Employer Liability Under the FLSA

"An employer includes 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'" Patel v. Wargo, 803 F.2d 632, 637 (11th Cir. 1986) (quoting 29 U.S.C. § 203(d)). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." Id. at 637-38. However, "[t]o be personally liable [under the FLSA], an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." Id. at 638.

## DISCUSSION

### 1.    The motor carrier exemption.

Plaintiff first challenges Defendants' reliance on the motor carrier exemption. According to Plaintiff, the only facts proffered by Defendants are: that D L I's trucks are registered with the U.S. Department of Transportation ("USDOT"); and that A K S conducts business across state lines with Motor Carrier and USDOT numbers. See Plaintiff's Response to Motion for Summary Judgment (hereafter "Response") [D.E. 56 at 6]. Plaintiff notes that no facts have been proffered regarding the status of Delta Line as a motor carrier; or regarding whose entity's trucks Plaintiff purportedly loaded for purposes of the exemption. Id. This lack of specificity is fatal to Defendants' Motion for Summary Judgment.

Assuming, *arguendo*, that one or more of the corporate entities qualifies as a motor carrier, the Court does not find that the exemption applies to Plaintiff as a matter of law. For purposes of the exemption, a "loader" must exercise "judgment and discretion in planning and building a balanced load or in placing, distributing, or securing the pieces of freight in such a

4

manner that the safe operation of the vehicles on the highways in interstate or foreign commerce will not be jeopardized." 29 C.F.R. § 782.5(a). Plaintiff's deposition testimony creates a factual dispute regarding her responsibility for securing cargo, deciding where to place it, and deciding how to balance the load. See Response [D.E. 56 at 11] (citing Plaintiff's Statement of Disputed Facts [D.E. 57]). Plaintiff's testimony also conflicts with that of her supervisor, Arrieta, regarding her job duties. Id. Thus, Defendants are not entitled to summary judgment based on the motor carrier exemption.

### 2.  *Individual employer liability of Jorge.*

As noted by Plaintiff, "Jorge testified that she did have day-to-day control after March 1, 2017." See Plaintiff's Statement of Disputed Facts [D.E. 57 ¶ 2]. Plaintiff's overtime claim extends to March 31, 2017. Moreover, Plaintiff testified that Jorge was one of her direct supervisors during her period of employment. Id. Therefore, Defendants have not established as a matter of law that Jorge does not qualify as an individual employer under the FLSA. Patel, 803 F.2d at 637-38.

### 3.  *Individual employer liability of Verona.*

The only facts that Plaintiff has adduced regarding Verona are that: (1) she is the vice-president of A K S; (2) she entered driver and cargo information into the "Dispatch" system. See Response [D.E. 56 at 12]. Contrary to Plaintiff's contention, these facts are insufficient to establish that Verona was involved in the day-to-day operation of the business. Patel, 803 F.2d at 637-38. Therefore, Verona is entitled to judgment of non-liability as a matter of law.

### CONCLUSION

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment [D.E.

49] is GRANTED IN PART as to Defendant Verona only, and is otherwise DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this *23rd* day of April, 2018.

_____

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:     Counsel of Record

6